# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| KDP, LLC, *et al.*,[1] | Case No. 23-10662 (JKS) |
| Debtors. | (*Jointly Administered*) |
| | Re: Docket No.: |

**ORDER (I) APPROVING THE RETENTION OF BAMBACH ENTERPRISES
LLC D/B/A BAMBACH ADVISORS AS FINANCIAL ADVISORS FOR THE DEBTORS
AND DEBTORS IN POSSESSION, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION
DATE, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application") of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order") pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to employ and retain Bambach Enterprises LLC d/b/a Bambach Advisors ("Bambach") *nunc pro tunc* to the Petition Date (as defined in the Application) as financial advisors for the Debtors in accordance with its normal hourly rates and disbursement policies, as is more fully set forth in the Application; and upon the Declaration of John Bambach (the "Bambach Declaration"), which is attached to the Application as Exhibit B; and it appearing that the Court has jurisdiction to consider the Application; and the Court being satisfied, based upon the representations made in the Application and the Bambach Declaration, that Bambach represents or holds no interest adverse to the Debtors or its estate and that said firm is disinterested under the meaning of section 101(14) of the Bankruptcy Code, and that the employment of Bambach is necessary and would be in the best interest of the Debtors and the Debtors' estate, and that the legal and factual bases set forth in the Application establish just cause

---
[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: KDP, LLC, (4676) KDP Investment Advisors, Inc. (1824) and KDP Asset Management, Inc. (0083).

**Deleted:** as to the matters upon which it is to be engaged

**Deleted:** and that the terms of Bambach's engagement set forth in the Application and the Bambach Declaration are reasonable pursuant to section 328(a) of the Bankruptcy Code,

for the relief granted herein; and it appearing that the notice of the Application having been properly given and such notice being adequate for the entry of this Order; and it appearing that no other notice is required; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are authorized to retain and employ Bambach as their financial advisors in this Chapter 11 Case *nunc pro tunc* to the Petition Date, in accordance with Bambach's customary hourly rates and reimbursement policies in effect when services are rendered.

3. Bambach shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Rules, the applicable Bankruptcy Rules, the applicable Local Rules, the guidelines established by the U.S. Trustee, and any applicable orders of this Court.

4. Subject to any order(s) entered by the Court approving allowed fees and expenses of Bambach in connection with the Chapter 11 Cases, Bambach is authorized to apply its retainer held as of the Petition Date against such allowed fees and expenses during the Chapter 11 Cases, and to make such other applications as may be necessary and appropriate to obtain payments, after notice and opportunity to be heard.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

7. Bambach shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors shall retain all rights to object to any increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

4